UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

JAMES DOE and JANE DOE, Individually :
and as Natural Parents and Next Friends of :
JOHN DOE, :
              Plaintiffs :
 :
v.                                      :    C.A. No. _____
 :
RHODE ISLAND :
INTERSCHOLASTIC LEAGUE, :
              Defendant :

## VERIFIED COMPLAINT

### Nature of the Action

1. This is an action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12132, based on Defendant's refusal to grant Plaintiffs a waiver of certain eligibility requirements to engage in interscholastic sports, as a reasonable accommodation of JOHN DOE'S disabilities.

### Parties and Jurisdiction

2. Plaintiffs JAMES DOE and JANE DOE are the parents of Plaintiff JOHN DOE. JAMES and JANE bring this action individually and in their capacity as the natural parents and next friends of JOHN, who is seventeen years of age. All three Plaintiffs are residents of Rhode Island.

3. Defendant Rhode Island Interscholastic League ("RIIL") is a non-profit Rhode Island corporation. The RIIL administers and supervises all aspects of

interscholastic sports at its sixty member high schools throughout Rhode Island, which include public, private and parochial schools.

4.   This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States.

**Factual Background**

5.   As noted above, JOHN is seventeen years old.  Although he had generally done well in elementary and middle school, he began to struggle once he reached high school.

6.   JOHN had a difficult first year at a parochial high school, not just academically but also in terms of social engagement and structure.  As a consequence of the Covid-19 pandemic, during the Fall semester of 2020, much of the academic instruction was done remotely, and there were no interscholastic sports.  In the Spring semester of 2021 there was a modified basketball season and a few football games played in place of the Fall season.

7.   Although JOHN had not yet been diagnosed with any disabilities, the family believed that a smaller, more structured environment at an out-of-state boarding school would be better suited to his particular needs.  JOHN repeated his freshman year, which is common for students moving into a boarding school environment.

8.   JOHN's experience at this second school was unsuccessful on all fronts.  His academic performance and study habits declined, he became deeply depressed, and he lost sixty pounds.  He returned home.

9. In the summer of 2022, JOHN was evaluated extensively, under the direction of his pediatrician and his adolescent psychiatrist. He was diagnosed with (1) Attention Deficit / Hyperactivity Disorder ("ADHD"), (2) predominantly inattentive presentation, (3) Specific Learning Disorder with Impairment in Reading, (4) Specific Learning Disorder with Impairment in Written Expression, and (5) Major Depressive Disorder. His doctors prescribed medication and regular therapy, along with an increased focus on a health and fitness regimen.

10. In September, 2022 JOHN was enrolled in a private high school in Rhode Island for his sophomore year, even though that was his third year of high school. JOHN's third school provided a variety of academic accommodations, testing accommodations, and tutoring, to complement his medical treatments.

11. In addition to these supports, JOHN was an active participant in a variety of interscholastic sports. As noted, his doctors strongly encouraged his continued involvement in sports as an integral component of his ongoing treatment.

12. This combination of medical treatments, academic supports and accommodations, and involvement in athletics brought about a marked improvement in all aspects of JOHN's life – academic, social, physical, and psychological.

13. JOHN has just started his junior year in high school, although this is his fourth year in high school. He is continuing to follow the programs, activities, and treatment that were successful last year. He continues to be involved in varsity athletics.

### The Discriminatory Effect of RIIL's Regulation

14. The reality of JOHN's situation is that, because of his disabilities and the course he has followed, it will take him five years to finish high school, instead of the usual four years.

15. Mindful of the critical importance of his involvement in sports, and looking ahead to JOHN's fifth year, the family – with the active support of JOHN's teachers and doctors – sought to ensure that he would be able to compete in sports during his fifth year of high school.

16. Indeed, RIIL's own website (www.riil.org) stresses the value and importance of high school athletics:

> "Athletic competition is a major component in the education of the majority of students attending the sixty (60) RIIL member schools. Research indicates that student-athletes have better grades than non-athletes and that student-athletes have higher attendance rates and higher graduation rates than non-participants . . .
>
> Within high school sports programs, young people learn the values of: discipline, teamwork, sacrifice, respect, loyalty, time management, accountability, citizenship, organizational skills, sportsmanship, confidence, Leadership, commitment, effort, [and] work ethic . . .
>
> and enjoy team activities which will benefit their future. Ethical conduct, integrity, playing within the spirit of the rules, and good sportsmanship are important components of the high school athletic program. . .
>
> Sports and activities provide not only the opportunity to teach and learn respect for self and respect for others, they also place participants in a unique context - competition - that can further instill and hone values necessary for the development of respect for self and respect for others."

17. Accordingly, in March 2023, the family sought a waiver of Article III, Section 5(B)(1) of the RIIL's Rules and Regulations (Exhibit A). The cited rule provides that:

> "[O]nce a student enters the 9th grade, whether in a junior high school or a four-year high school, that student is limited to eight (8) consecutive semesters of eligibility and automatically becomes ineligible for athletic competition four years from the date of entry into the ninth grade."

18. On April 28, 2023, the RIIL Waiver Hearing Committee denied the request for waiver of this so-called Eight-Semester Rule. (Exhibit B).

19. Thereafter, in September 2023, the RIIL Principals' Committee on Athletics upheld the denial of the requested waiver.

20. Although the Eight-Semester Rule is *facially* non-discriminatory, *as applied,* the Rule discriminates against students like JOHN who, because of their disabilities, are unable to complete high school in four years. *As applied*, the Rule discriminates against these students by preventing them from participating in interscholastic sports during their senior year of high school.

21. Moreover, upon information and belief, the RIIL has granted eligibility waiver requests from students whose requests were fundamentally identical to JOHN's.

## COUNT ONE

### DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

22. Plaintiffs repeat and reallege paragraphs 1-21.

5

23. RIIL is a public or quasi-public entity which administers and supervises all interscholastic sports among its member schools in the State of Rhode Island.

24. JOHN DOE is an individual who is qualified to participate in interscholastic sports in Rhode Island, or who could meet the requirements to participate in interscholastic sports in Rhode Island if afforded a reasonable accommodation by the RIIL.

25. Such an accommodation by RIIL, *i.e.*, granting the request for a waiver, would not fundamentally alter the nature of interscholastic sports in Rhode Island.

26. In denying Plaintiffs' request for a waiver of the Eight-Semester Rule, the RIIL has unlawfully and discriminatorily excluded JOHN DOE from participating in interscholastic sports in Rhode Island during his senior year of high school.

27. RIIL's Eight-Semester Rule, as applied, is unlawful, discriminatory, and violative of Titles II and III of the ADA.

WHEREFORE, Plaintiffs demand judgment:

(1) declaring that RIIL's denial of Plaintiffs' request for a waiver of the Eight-Semester Rule is unlawful and discriminatory;

(2) preliminarily and permanently enjoining RIIL from enforcing the Eight-Semester Rule against JOHN DOE; and

(3) awarding Plaintiffs their costs and reasonable attorneys' fees.

**PLAINTIFFS,**

By their Attorneys,

/s/ Robert Clark Corrente
Robert Clark Corrente, No. 2632
**WHELAN CORRENTE & FLANDERS LLP**
100 Westminster Street – Suite 710
Providence, RI 02903
Tel. (401) 270-4500
Fax (401) 270-3760
rcorrente@whelancorrente.com

Dated: October 10, 2023

[VERIFICATION ON SUBSEQUENT PAGES]

## VERIFICATION

We, James Doe and Jane Doe, declare under oath that we have read this Verified Complaint, and that the allegations herein are true and accurate to the best of our knowledge, information, and belief.

_____
JAMES DOE


_____
JANE DOE


STATE OF RHODE ISLAND    )
                         ) ss.
COUNTY OF Providence     )


Subscribed to and sworn before me this 5th day of October, 2023.

_____
Robert C. Corrente, Notary Public
My Commission Expires: 9/19/25

93776.DOCX

## VERIFICATION

We, James Doe and Jane Doe, declare under oath that we have read this Verified Complaint, and that the allegations herein are true and accurate to the best of our knowledge, information, and belief.

_____
JAMES DOE

_/s/ Jane Doe_____
JANE DOE

STATE OF RHODE ISLAND      )
                           ) ss.
COUNTY OF Providence       )

Subscribed to and sworn before me this 9th day of October, 2023.

_/s/ Robert C. Corrente_____
Robert C. Corrente, Notary Public
My Commission Expires: 9/19/25

93776.DOCX